**WEN HAI LIU, Petitioner,**

v.

**Michael MUKASEY, U.S. Attorney General [1], Respondent.**

**No. 05–4031–ag.**

United States Court of Appeals, Second Circuit.

April 4, 2008.

Lin Li, Associate, Law Office of Fengling Liu, New York, New York, for Petitioner.

Steven M. Biskupic, United States Attorney; Charles A. Guadagnino, Assistant

---

Chen on account of his practice of Falun Gong. *Cf. Rizal,* 442 F.3d at 90.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

**76**

United States Attorney, Milwaukee, WI, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Wen Hai Liu, a native and citizen of the People's Republic of China, seeks review of a July 12, 2005 order of the BIA affirming the March 5, 2004 decision of Immigration Judge ("IJ") Jeffrey S. Chase, denying his application for relief under the Convention Against Torture ("CAT"). *In re Wan Hai Liu,* No. A77–977–422 (B.I.A. Jul. 12, 2005), *aff'g* No. A77–977–422 (Immig. Ct. N.Y. City Mar. 5, 2004). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We conclude that the IJ's finding that Liu failed to meet his burden of proof was proper. Liu's claim for CAT relief is based on his belief that "there are a lot of people who are smuggled out of the [Fujian] province" and that if he were returned, "they would detain [him] and lock [him] up, put [him] in prison." In support of his claim, Liu testified that his cousin, whose situation he heard about from his family over the phone, had been subjected to such treatment. Liu testified that his cousin had been "captured and returned back and

he was put in prison" and "left there for three months." When the IJ asked Liu if he knew anyone "who was deported from America back to China," Liu responded that he only knew of one friend with whom he had "lost contact when he returned back."

Further, Liu failed to demonstrate a likelihood that the authorities are aware of his illegal departure or that they would target him because of it if he returned. Even if the authorities were to become aware of his departure, the evidence before the IJ only showed that he would, at most, be subjected to administrative detention or fined. We have found that criminal prosecution and punishment for illegal departure do not constitute persecution in the absence of evidence that the authorities have a motive other than law enforcement for preventing the departure or punishing of an individual upon return. *See Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992). Further, Liu failed to present evidence that the Chinese government specifically tortures persons who are returned from the United States after illegally departing China, a situation the IJ distinguished from that of Liu's cousin, who was detained while attempting to illegally depart China for Japan. *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144–45 (2d Cir.2003) (finding that a petitioner's failure to present particularized evidence of torture of military deserters was fatal to his claim for relief under the CAT); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). Accordingly, the IJ reasonably found that Liu failed to establish his eligibility for relief under the CAT. Therefore, the IJ

did not err in finding that Liu failed to meet his burden of proof.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.